E-FILED
Monday, 01 August, 2005  02:42:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL P. NEECE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTIAN COUNTY SHERIFF'S OFFICE and CHRISTIAN COUNTY JAIL, | ) No. 05-3095 |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY
MOTION FOR A MORE DEFINITE STATEMENT**

COMES NOW Defendants, CHRISTIAN COUNTY SHERIFF'S OFFICE and CHRISTIAN COUNTY JAIL, by and through their attorneys, Becker, Paulson, Hoerner & Thompson, P.C., and pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) and 12(b)(6) move to dismiss this action or alternatively motion for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e), and in support thereof, state as follows:

**I. STATEMENT OF FACTS**

Plaintiff, Michael Neece, filed his pro se complaint in the United States District Court for the Central District of Illinois on or about June 27, 2005. The complaint states that the Defendants named in the caption allegedly denied the Plaintiff medical treatment which allegedly amounts to cruel and unusual punishment in violation of the Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

As the following will show, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Plaintiff failed to specify the Defendant's in the suit and therefore the Defendant's cannot submit to jurisdiction. The Complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff failed to exhaust his administrative remedies. Alternatively, the captioned Defendant's motion for a more definite statement pursuant to Rule 12(e) because the Complaint is unanswerable in its present form.

## II. ARGUMENT

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST ANY DEFENDANTS

The Plaintiff failed to list any defendant's in his complaint, other than in the caption of the case. The form for a pro se Complaint has five blanks in which a plaintiff is to list the defendants the plaintiff is bringing suit against and the plaintiff in his complaint left all five blanks blank. Therefore the Plaintiff has failed to allege that the above-captioned Defendants are within the court's jurisdiction.

Where a court has no jurisdiction over the person, the defendant has the unqualified right to have the court grant an order dismissing the action against the defendant. See *Read v. Ulmer*, 308 F.2d 915 (CA5 La 1962). Where a pro se plaintiff has failed to properly identify the parties the plaintiff seeks to make defendants, the complaint may be dismissed. See *Harrell v. Directors of Bureau of narcotics & Dangerous Drugs*, 70 FRD 444 (E.D. Tenn. 1975).

### B. PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Plaintiff has failed to exhaust his administrative remedies through the grievance procedures established at Clinton County Jail.

Where a plaintiff in a civil rights action fails to exhaust his administrative remedies, a court can enter an order granting a defendant's motion to dismiss under Rule 12(b)(6) for failure to exhaust remedies.  See *Freeman v. Berge*, 283 F. Supp. 2d 1009 (W.D. Wis 2003).

### C. PLAINTIFF'S COMPLAINT IN UNANSWERABLE IN ITS PRESENT FORM AND FAILS TO COMPLY WITH THE REQUIREMENTS OF THE PRO SE COMPLAINT.

The Plaintiff's Complaint is a form that is provided by the courts for use by pro se plaintiffs.  The Plaintiff chose to leave blank the spaces where he was to list the defendant's he intended to make party to the suit.  The Plaintiff also chose not to comply with the instructions in writing the statement of his claim.  The instructions read, "Number each claim in a separate paragraph."  Plaintiff failed to comply with this instruction.  The Captioned Defendants are unable to answer the complaint in its present form.

A motion for a more definite statement pursuant to Rule 12(e) is designed to strike at unintelligibility rather then want of detail or substitution for discovery.  See *United States v. Metro Dev. Corp.*, 61 FRD 83 (N.D. Ga 1973); *Stanton v. Manufacturers Hanover Trust Co.*, 388 F. Supp. 1171 (SDNY 1975); *Juneau Square Corp. v. First Wisconsin Nat'l Bank*, 60 FRD 46 (E.D. Wis 1973); *Hobbs v. BH Cars, Inc.*, 17 FLW Fed D. 819 (S.D. Fla 2004).

The Defendants cannot respond to the Complaint in good faith or without prejudice to themselves, and therefore a more definite statement is needed.

### III. CONCLUSION

WHEREFORE, for the above reasons, the Defendants respectfully request the Court to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) and Rule 12(b)(6).  Alternatively, the Defendants request the Court to order the Plaintiff to file a

more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e) and order such other relief as the court deems just and proper.

### DEFENDANTS REQUEST TRIAL BY JURY ON ALL COUNTS

BECKER, PAULSON, HOERNER & THOMPSON, P.C.

s/ Alvin C. Paulson    #6193202
5111 West Main Street
Belleville, IL 62226
(618) 235-0020

### CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2005, I electronically filed Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss or Alternatively Motion for a More Definite Statement with the Clerk of the Court using the CM/ECF system and by U.S. Mail to the following non-registered participants:

Michael P. Neece
Sangamon County Jail
#1 Sheriff's Plaza
Springfield, IL 62701

Respectfully submitted,

s/ Alvin C. Paulson
Alvin C. Paulson
BECKER, PAULSON, HOERNER
 & THOMPSON, P.C.
5111 West Main Street
Belleville, IL 62226
(618) 235-0020
fax – (618) 235-8558
ARDC #6193202